UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS DAVIS, JR | CIVIL ACTION |
| VERSUS | NO. 13-5881 |
| PROGRESSIVE WASTE SOLUTIONS<br>OF LOUISIANA, INC. | SECTION "N" |

## ORDER AND REASONS

Presently before the Court is Defendant's "Motion for Summary Judgment" (Rec. Doc. 21). On the showing made, **IT IS ORDERED** that Defendant's motion is **GRANTED** in part and is **DENIED** in part.

## I. Background

Plaintiff, Louis Davis, Jr. ("Davis"), was fifty-nine (59) years old and an employee of Progressive Waste Solutions of LA, Inc. ("Progressive") when his employment was terminated. (Rec. Doc. 1). As a result of his termination, Davis brought the instant suit alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, as well as religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). (*Id.*). Davis is a Jehovah's Witness. (*Id.*). Progressive is a waste collection, recycling, and landfill disposal service company. (Rec. Doc. 21-1 at p. 1). Davis worked for Progressive as a truck driver at its worksite in Larose, Louisiana. (*Id.*). Prior to his termination, Davis missed a number of days of work. (*Id.*). Whether or not Davis was entitled to miss those days is in dispute.

## II. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment

shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the

nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

### III. Application of the Legal Standard

Progressive asserts, in its motion for summary judgment (Rec. Doc. 21), that Davis cannot establish the elements of his age and religious discrimination claims as a matter of law. (Rec. Doc. 21-1 at p.1). In support of its allegations, Progressive contends that Davis' claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, as well as religious discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), fail because Davis has not shown any direct evidence of discriminatory

conduct. Additionally, Progressive argues that Davis has not alleged sufficient circumstantial evidence to survive summary judgment under the burden shifting mechanism established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973) for the following reasons. First, Davis is unable to establish a prima facie case of either age or religious discrimination because he cannot show that he was replaced by someone younger or treated less favorably than similarly situated employees. Second, Davis was terminated for the legitimate, non-discriminatory purpose of missing five (5) consecutive days of work. Third, Davis cannot establish that Progressive's non-discriminatory purpose for termination is merely a pretext for age or religious discrimination.

In an employment discrimination case, a plaintiff may present either direct or circumstantial evidence to prove his claim. *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 222 (5th Cir.2000). Direct evidence is evidence, "which if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir.2002). Furthermore, a statement constitutes direct evidence of discrimination if it is: (1) proximate in time to the employment decision; (2) made by an individual with authority over the employment decision; and (3) related to the employment decision at issue. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 683 (5th Cir.2001); *Patel v. Midland Mem'l Hosp. & Med. Ctr.*, 298 F.3d 333, 344 (5th Cir. 2002)(discussing direct evidence of racial discrimination)(internal citations omitted).

Under *McDonnell Douglas*, absent direct evidence of discriminatory conduct, the plaintiff must demonstrate that: (1) he was in the protected class; (2) he was qualified for the position; (3) he suffered adverse employment action; and (4) he was replaced by someone outside of the protected class or treated less favorably than similarly situated employees. *See, e.g., Moss*

*v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010)(applying *McDonnell Douglas* to the ADEA); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001)(application of *McDonnell Douglas* to Title VII claims). If the plaintiff can establish the elements listed above, the burden will shift to the defendant to show a legitimate, non-discriminatory purpose for termination. *Id.* However, the plaintiff is entitled to show that any non-discriminatory purposes offered by the defendant are merely a pretext for discrimination by showing disparate treatment or that the proffered explanation is false. *Id.* Nevertheless, the ultimate burden remains with the plaintiff. *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir.2002).

Before proceeding to the analysis, the Court acknowledges that there is a genuine issue of material fact in this case: the parties clearly dispute whether Davis was given permission by his supervisor, Ricky Bunn, to miss work so that Davis could deal with his insurance company concerning Davis' recent car accident.[1] However, the Court is confident that the dispute does not affect its determination of summary judgment on the issues discussed below.

### A. Age Discrimination

For the following reasons, the Court finds that Davis has alleged minimally sufficient factual material of age discrimination to survive summary judgment. Under the law, direct or circumstantial evidence can be sufficient to show age discrimination. *Russell*, 235 F.3d at 222. To show direct evidence of discriminatory conduct, the plaintiff must present evidence that demonstrates "discriminatory animus without inference or presumption." *Sandstad*, 309 F.3d at 897. Moreover, a statement is direct evidence if it is: (1) age related; (2) proximate to the employment

---

[1] Davis offers as evidence in his declaration that Ricky Bunn told him to "take care of business and to call when he was ready to come in" after Davis had just been in a car accident rendering Davis' car immobile. (Rec. Doc. 23-3 at p. 2). Progressive denies that Davis was ever excused from work. (Rec. Doc. 27 at p. 7).

5

decision; (3) made by someone with authority over the employment decision; and (4) relates to the employment decision. *Medina*, 238 F.3d at 683.

Here, Davis alleges two statements in particular as evidence of age discrimination. First, Davis asserts that McKinley, during or immediately after Davis' termination, declared: "[G]o get a job as a Wal-Mart door greeter." (Rec. Doc. 21-3 at p. 34). Second, Davis alleges that Phillips, a fellow employee, overheard McKinley say, on the day immediately following Davis' termination, "I'm the one that got rid of the old bastard." (Rec. Doc. 23-4 at p.2).

Considering McKinley's statements as well as all of the other evidence in the record, the Court finds that there is a genuine issue of material fact in this case: whether or not the two statements listed above constitute sufficient direct evidence of discriminatory conduct under the *Medina* test. Significantly, the Court finds that a reasonable juror could conclude from the factual material submitted that the two comments were age-related. For instance, the McKinley allegedly called Davis an "old bastard." Second, a reasonable juror could conclude that McKinley was a person "with authority over the employment decision." (Rec. Doc. 23-3 at p. 1 (declaring McKinley to be site manager at the Larose facility)). In addition, Davis alleges that McKinley was in the room when Davis was terminated. (Rec. Doc. 21-3 at p. 3). The evidence also shows that McKinley himself claimed responsibility for the firing when he declared, "*I'm the one* that got rid of the old bastard." (Rec. Doc. 23-4 at p.2). Even though Davis concedes that Bunn was the supervisor who actually fired him, a reasonable juror could conclude, on this record, that McKinley had sufficient authority over the employment decision as well. (Rec. Doc. 21-3 at p. 21). Third, the Court finds that a reasonable juror could conclude that McKinley's remarks were proximate in time to employment decision. As alleged, McKinley made both remarks within a day of Davis' termination.

6

(Rec. Doc. 21-3 at p. 34; 23-4 at p.2). Fourth, a reasonable juror could conclude that the remarks were related to the employment decision. Specifically, McKinley suggested that Davis get a different job during the termination proceeding and later declared that Davis was "old" when he claimed to be the responsible party for Davis' termination. (*Id.*). The Court notes that the evidence in the record is scant; however, prudence dictates that the motion should be denied on these grounds. Therefore, the Court does not find that summary judgment is appropriate on the issue of age discrimination under the ADEA.[2]

### B. Religious Discrimination

On the other hand, the Court finds that Davis fails show any direct evidence of religious discrimination. Furthermore, the Court finds that Davis' claim for religious discrimination fails to establish sufficient circumstantial evidence under the *McDonnell Douglas* framework. Therefore, summary judgment is appropriate for Davis' Title VII religious discrimination claim.

For Title VII claims based on discriminatory remarks, courts look to whether the comment was (1) made by someone with authority over the employment decision; (2) proximate in time to the employment decision; and (3) related to the employment decision. *Patel*, 298 F.3d at 344 (discussing direct evidence of racial discrimination)(internal citations omitted). In support of his claim, Davis contends that McKinley made numerous religious remarks during his employment with Progressive. However, Davis has not offered any evidence that the remarks were proximate in time to his termination. In fact, Davis concedes that no religious remarks were made immediately before, during, or after he was terminated by Bunn. (Rec. Doc. 21-3 at pp. 33-34). Similarly, the record

---

[2] While it is unnecessary to apply the *McDonnell Douglas* test because there is a genuine issue of material fact as to whether the remarks are direct evidence of discriminatory conduct, the Court notes that Davis' age related claim would likely fail under the *McDonnell Douglas* test should the remarks be considered by the jury as circumstantial evidence.

lacks any evidence demonstrating that the remarks were related to his termination. Therefore, the Court finds that Davis has not shown any direct evidence of discrimination. Finding no such evidence, the Court shifts its focus to any circumstantial evidence and the *McDonnell Douglas* test.

Under *McDonnell Douglas*, the plaintiff must show (1) he was in the protected class; (2) he was qualified for the position; (3) he suffered adverse employment action; and (4) he was replaced by someone outside of the protected class or treated less favorably than similarly situated employees. *Moss*, 610 F.3d at 922. For a fellow employee to be similarly situated the under the ADEA, the employee must be a person who is not a member of the protected class and who worked under "nearly identical circumstances." *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 304 (5th Cir. 2000). Employees work under "nearly identical circumstances" if they share the same responsibilities, same supervisors, and have the same or similar company violations. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). If the plaintiff can establish a prima facie case of discrimination, the burden shifts to the employer to demonstrate a legitimate, non-discriminatory reason for the employment action. *Id*. If the employer can show such a reason, the burden then shifts back to the plaintiff to show that the proffered reason is pretext. *Id*.

In this case, Progressive has not challenged Davis' showing of elements (1)-(3); however, it does argue that Davis has failed to demonstrate any evidence indicating that he was replaced by anyone, much less someone outside of his protected class. (Rec. Doc. 21-1 at pp.12, 20). Nor, Progressive argues, can Davis show that he was treated less favorably than similarly situated employees because Davis had significantly more work absences than the only other employee alleged to be similarly situated to the plaintiff, Ryan Charles. (Rec. Doc. 21-1 at p. 12). Progressive further asserts that, even if Davis can establish a prima facie case of religious discrimination, it has

8

a legitimate, non-discriminatory purpose for his termination. (*Id*. at 13, 21). As a result, Progressive avers, Davis must show pretext, and he has not offered any evidence that his grounds for termination were false or disparate. (*Id*. at 15, 22).

The Court finds that Davis has not shown the fourth element of the prima facie case for discrimination because he has failed to allege that he was replaced by someone from outside the protected class or that he was treated less favorably than a similarly situated employee of a different religion. Significantly, Davis does not know whether or not he was replaced at all. (Rec. Doc. 1). In addition, Davis fails to identify Charles' religious affiliation. Moreover, Davis has not alleged any facts that indicate that the two worked under "nearly identical circumstances" other than asserting they share similar company violations.[3] Because Davis has not identified a single replacement or a similarly situated employee of a different religion, he has not made a prima facie case of religious discrimination.

The Court also finds that, even if Davis had made a prima facie showing of discrimination under *McDonnell Douglas*, Progressive has alleged a legitimate, non-discriminatory reason for termination, i.e. excessive absences. Davis failed to allege any evidence of pretext by showing that the Progressive's grounds for termination were false or that he was subject to disparate treatment. Thus, assuming Davis could make a prima facie case of religious discrimination, his claim still fails as a matter of law. As a result, the Court finds that summary judgment is appropriate on the issue of Title VII religious discrimination.

---

[3] As alleged by Progressive, Davis failed to appear to work as scheduled on the following days: September 14, 2010, May 17, 2011, June 20, 2011, November 25, 2011, March 23, 2012, March 24, 2012, May 25, 2012, June 15, 2012, June 16, 2012, June 18, 2012, June 19, 2012, and June 20, 2012 (totaling 12 days with five consecutive missed work days immediately preceding termination on June 21, 2012). On the other hand, Charles only failed to show up for work on eight (8) occasions and never missed five consecutive days.

9

Accordingly,

**IT IS ORDERED** that Progressive's motion for summary judgment is **GRANTED** in part, regarding plaintiff's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and **DENIED** in part, with regard to plaintiff's claim under the Age Discrimination in Employment Act, 29 U.S.C. § 623.

New Orleans, Louisiana, this 10th day of September 2014.

_____
**KURT D. ENGELHARDT
United States District Judge**